**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois  60604**
*(Submitted August 31, 2005[*])*

Decided September 1, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1788

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> ROBERT ROSS, <br> *Defendant-Appellant*. | Appeal from the United States <br> District Court for the <br> Northern District of Illinois, <br> Eastern Division. <br><br> No. 00 CR 690 <br><br> **Charles R. Norgle, Sr.**, *Judge.* |

**O R D E R**

Robert Ross pleaded guilty to one count of distributing cocaine base, 21 U.S.C. § 841(a)(1).  In his written plea agreement, Ross waived his right to appeal "any sentence within the maximum provided in the statute of conviction (or the manner in which that sentenced was determined), in exchange for concessions made by the United States."  The district court, applying the sentencing guidelines as mandatory, calculated a range of 168 to 210 months and sentenced Ross to 168 months'

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, this appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

imprisonment.  This sentence is below the statutory maximum of incarceration for life.  Nevertheless Ross challenged his sentence, arguing that the district court's application of the sentencing guidelines was erroneous under *United States v. Booker*, 125 S. Ct. 738 (2005), and seeking a limited remand, *see United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  But in a letter to the court and in his reply brief Ross concedes that our decision in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), which we issued after Ross filed his opening brief, erased any doubt that an appeal waiver without an "escape hatch" will be strictly enforced against an appellant who challenges his sentence based on *Booker*.  Because Ross's plea agreement contains no such "escape hatch" that would allow him to appeal if the law changed in his favor, we must enforce the waiver.  *See United States v. Lockwood*, No. 04-2511, 416 F.3d 604, 608 (7th Cir. July 2005); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005).  Therefore, the appeal is **D**ISMISSED.